15-2040
*Justin D. Bihag v. A&E Television Networks LLC, et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of September, two thousand sixteen.

PRESENT: RICHARD C. WESLEY,
DEBRA ANN LIVINGSTON,
GERARD E. LYNCH,
*Circuit Judges.*

_____

JUSTIN D. BIHAG,

*Plaintiff-Appellant,*

v.                                                      No. 15-2040

A&E TELEVISION NETWORKS, LLC,
a Delaware Limited Liability Company,
HYBRID FILMS, INC., a New York Corporation,
D & D TELEVISION PRODUCTIONS, INC.,
a New York Corporation, DUANE CHAPMAN,
an individual, BETH ALICE BARMORE-SMITH
CHAPMAN, an individual, DOES, 1 through 10 inclusive,

*Defendants-Appellees,*

PIVOT POINT ENTERTAINMENT, LLC,
a California Limited Liability Company,

*Defendant*.

_____

FOR PLAINTIFF-APPELLANT:   Selvoy F. Fillerup, Denver, CO; Peter M. Johnson, The Johnson Law Firm LLC, Denver, CO.

FOR DEFENDANT-APPELLEE:   David A. Schulz, Cameron Stracher, New York, NY; Andrew B. Brettler, Los Angeles, CA.

Appeal from the United States District Court for the Southern District of New York (Hellerstein, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED AND DECREED** that the judgment of the District Court is

AFFIRMED.

Plaintiff-Appellant Justin D. Bihag ("Bihag") appeals from the dismissal of his claim for breach of contract by the United States District Court for the Southern District of New York (Hellerstein, *J.*) following oral argument on May 27, 2015.  Bihag's claim arose from his participation in the reality television

program "Dog the Bounty Hunter" (the "Program") between the years 2004 and 2009.[1]

We note at the outset that Bihag has not challenged the District Court's dismissal of his claims for promissory estoppel, unjust enrichment, breach of the covenant of good faith and fair dealing, misappropriation, negligent misrepresentation, or fraud. Although Bihag asks in his reply brief that his case "be remanded to be heard on all the claims," Reply Br. 11, we consider only Bihag's claim for breach of contract because "[i]ssues not sufficiently argued in the briefs are considered waived," *Norton v. Sam's Club*, 145 F.3d 114, 117–18 (2d Cir. 1998).

"Under New York law, general releases are governed by principles of contract law." *Albany Sav. Bank, FSB v. Halpin*, 117 F.3d 669, 672 (2d Cir. 1997) (citing *Mangini v. McClurg*, 24 N.Y.2d 556, 562 (1969)). Whether contractual language is ambiguous is a question of law, and thus we review the District Court's determination of this issue *de novo*. *See id.* (citing *Seiden Assocs., Inc. v. ANC Holdings, Inc.*, 959 F.2d 425, 429 (2d Cir. 1992)). "An ambiguity exists where the terms of a contract could suggest more than one meaning when viewed

---

[1] We review *de novo* the District Court's dismissal of Bihag's claim. *See Guippone v. BH S&B Holdings LLC*, 737 F.3d 221, 225 (2d Cir. 2013). We assume the parties' familiarity with the facts and record below, which we reference only as necessary to explain our decision.

objectively by a reasonably intelligent person who has examined the context of the entire integrated agreement and who is cognizant of the customs, practices, usages and terminology as generally understood in the particular trade or business." *Eternity Glob. Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y.*, 375 F.3d 168, 173 (2d Cir. 2004) (internal quotation marks omitted).

Bihag does not dispute that he signed a release containing the following language:

> I expressly release you, your parents, subsidiaries, agents, employees, licensees and assigns (if any) from and against any and all claims which I have or may have now or in the future for invasion of privacy, defamation, misrepresentation, or any other cause of action arising out of my appearance or participation in the Program, the disclosure of any confidential or private information about me (including any medical or financial information), and the exploitation of all other rights set forth herein.

Appellees' App'x 39. The release contained the following additional language above the signature line:

> I HAVE READ THIS RELEASE OF LIABILITY, FULLY UNDERSTAND ITS TERMS, UNDERSTAND THAT I HAVE GIVEN UP SUBSTANTIAL RIGHTS BY SIGNING IT, AND SIGN IT FREELY AND VOLUNTARILY.

*Id.* Bihag makes no claim that his agreements to release were not entirely voluntary.

4

We find that the District Court properly rejected Bihag's arguments that the releases do not manifest an intent to waive his right to bring this lawsuit or are too ambiguous to enforce. By their own terms, the releases cover "any and all claims" arising out of Bihag's "appearance or participation in the Program." *Id.* Moreover, Bihag acknowledged receiving "good and valuable consideration" in exchange for signing the releases and he has admitted to receiving at least $28,000 "for his appearances and contributions to the program." *Id.* The language of the releases is not ambiguous by any stretch. To the contrary, this language is clear, broad, and dispositive. Bihag is bound by the agreements he voluntarily signed, which expressly bar the claims he has attempted to assert in this case.

We have considered Bihag's remaining arguments and find them to be without merit.[2] We therefore AFFIRM the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[2] Appellees argue that "[t]he District Court's order should be affirmed for the independent reason that Bihag's claims are barred by the statute of limitations." Appellees' Br. 14. We need not consider this alternative ground for affirmance because we have already determined that Bihag's claims are expressly barred by the terms of the releases that he voluntarily executed.